UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRISTER M.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02426-SEB-TAB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Brister M. not entitled to Disability Insurance Benefits. This case was referred to Magistrate Judge Baker for initial consideration. On September 8, 2021, Magistrate Judge Baker issued a report and recommendation affirming the Commissioner's decision that Brister M. is not disabled. This cause is now before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. [Dkt. 19].

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

## **Standard of Review**

We review the Commissioner's denial of benefits to determine whether that decision was supported by substantial evidence or was the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368–69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In reviewing the decision of the ALJ, we do not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). The ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ is required to "build an accurate and logical bridge" from the evidence in the record to his or her conclusion. *Dixon*, 270 F.3d at 1176. We thus confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to aspects of a magistrate judge's report and recommendation, the district court's review of those issues is *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and need not accept any portion as binding; the court may, however,

defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009). We have followed these guidelines in conducting this review.

## **Discussion**[2]

Brister M. filed for disability on October 11, 2017, alleging he could no longer work because of various impairments, including congestive heart failure, high blood pressure, sleep apnea, asthma, and depression.[3] The ALJ found that Plaintiff's obesity, obstructive sleep apnea, asthma, and hernia were "severe" impairments, because they significantly limit his ability to perform basic work activities. However, the ALJ found none of Plaintiff's "severe" impairments met the criteria of listed impairments described in 20 CFR Subpart P, Appendix 1. [Dkt. 10-2 at 22]. As such, the ALJ's analysis moved to a determination that Plaintiff was able to able to perform his past relevant work as a gluer in addition to a variety of other jobs in the national economy. *Id.* at 29–30. Ultimately, after a thorough review of the evidence presented, the ALJ denied Plaintiff's application for disability. *Id.* at 31. Plaintiff appealed the ALJ's decisions on the grounds that it is "flawed," accusing the Commissioner of "attempting to lull the court into ignoring its obligation to remand in the face of legal error." [Dkt. 16 at 1, 3]. The Magistrate Judge, who also conducted a thorough and well-reasoned report, addressed

---

[2] Because the facts are sufficiently outlined in the ALJ's opinion and the parties briefing, we need not and do note reiterate them in full here.

[3] Plaintiff's arguments mainly relate to his respiratory and sleep apnea problems and the parties seemingly agree that their arguments on appeal focus only on the medical records that relate to these conditions. Plaintiff has not taken issue with this approach, so the Court likewise has narrowed its focus. *See* dkt. 15; dkt. 16; dkt. 18.

each of Plaintiff's arguments, ultimately concluding that the ALJ's decision was supported by substantial evidence and that a remand is not warranted. [Dkt. 18 at 1].

Plaintiff interposes two objections to the Magistrate Judge's Report and Recommendation, both of which reiterate arguments and evidence that have been previously considered and rejected by both the ALJ and the Magistrate Judge. First, Plaintiff alleges that the ALJ ignored relevant evidence when concluding that his sleep apnea and asthma did not meet the criteria of a listed impartment in 20 CFR Subpart P, Appendix 1. Second, Plaintiff alleges that the ALJ failed to sufficiently credit his statements regarding the intensity, persistence, and limiting effects of his symptoms as required under Social Security Ruling 16-3p ("SSR 16-3p"). We address each objection in turn below.

First, we disagree with Plaintiff's claim that the ALJ did not properly consider the results of his pulmonary function test when deciding whether he met listing 3.03 or 3.14. For such a test to be valid under the listings, the claimant must have been "medically stable at the time of the test." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 3.00E(2)(a). A claimant is not regarded as medically stable if he is "[e]xperiencing, or within 30 days of completion of treatment for, an acute exacerbation (temporary worsening) of a chronic respiratory disorder." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 3.00E(2)(a)(ii). As the ALJ noted, the test was conducted two weeks before the claimant was admitted to the hospital for respiratory failure, which circumstance clearly indicates that Plaintiff was not medically stable when the pulmonary test was conducted. [Dkt. 10-2 at 22].

4

In addition, the ALJ considered other factors that can affect the interpretation of the pulmonary function test, including an indication by the technician who evaluated the testing stating that there was "[p]oor session quality, interpret with care" as well as the fact that the test values differed by more than 5% or 1.L, meaning that the results were not considered to be reproducible. *Id.; see* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 3.00E(3)(b). Contrary to Plaintiff's assertion that the ALJ "played doctor" by discounting the pulmonary function test results, we find that the ALJ properly found the test to be invalid under Listing 3.03 and 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 3.00E. Thus, this objection is overruled because the ALJ's decision to discount the results of the pulmonary function test was in no way erroneous.

Plaintiff's second objection challenges the ALJ's evaluation regarding the intensity, persistence, and limiting effects of his symptoms as required under SSR 16-3P. The ALJ is required to (1) "determine whether the individual has a medically determinable impairment (MDI) that could reasonably be expected to produce the individual's alleged symptoms" and (2) "evaluate the intensity and persistence of an individual's symptoms. . . and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Soc. Sec. Ruling 16-3p Titles II & Xvi: Evaluation of Symptoms in Disability Claims*, SSR 16-3P (S.S.A. Oct. 25, 2017); *see also* 20 C.F.R. § § 404.1529, 416.912.

After reviewing the evidence, the ALJ found Plaintiff's asserted medically determinable impairments could, on their face, reasonably produce his alleged symptoms. [Dkt. 10-2 at 23.] However, the ALJ also determined that Plaintiff's statements

5

concerning the intensity, persistence, and limiting effects of his alleged impairments were not consistent with the medical evidence that his sleep apnea improved once he started using a BiPAP machine and that his asthma was controlled once he became compliant with medication. *Id.* We agree with the ALJ's finding based on the record under review.

    Specifically, Plaintiff states that he is not comfortable working because he has excessive daytime sleepiness. [Dkt. 10-2 at 27.] But the ALJ noted that once Plaintiff started using a BiPAP machine his "sleep apnea improved dramatically . . . and reduc[ed] his daytime sleepiness." *Id.* at 23. Prior to using the BiPAP machine, Plaintiff was noncompliant with treatment directives that he "wear . . . [some] sort of mask and tak[e] his other medications." *Id.* at 27. The ALJ determined that even during this period of noncompliance Plaintiff was able to engage in substantial gainful work. *Id.* Moreover, the ALJ noted that Plaintiff had lost more than 30 pounds by improving his diet and engaging in an exercise program with his wife. This finding was inconsistent with Plaintiff's testimony that he had not been exercising at all. Further, the ALJ found that Plaintiff could perform light work with additional limitations. *Id.* Finally, the ALJ determined that while Plaintiff testified that he had to elevate his feet twice a day for 30 minutes to relieve foot pain, there was no documentation in the record evidencing that Plaintiff had been directed or even advised to elevate his feet to prevent edema. *Id.* In fact, Plaintiff was encouraged by his doctors to limit salt intake and, as the ALJ noted, the medical records regarding Plaintiff's hand edema reflected that the appropriate remedy was to elevate the head of Plaintiff's bed, not his feet. *Id.* In view of the ALJ's thorough analysis

of the medical evidence and the testimony relating to Plaintiff's alleged impairments, we find that the ALJ's analysis under SSR16-3P was sufficient and correct.

Based on our *de novo* review of the ALJ's decision, we conclude that the ALJ's factual findings were supported by substantial evidence and that an accurate and logical bridge between the evidence and her conclusion was established. *Dixon*, 270 F.3d at 1176. The Magistrate Judge's Report and Recommendation reflects these same conclusions. Accordingly, Plaintiff's objections to the Magistrate Judge's Report and Recommendation lack merit and are <u>OVERRULED.</u> We <u>ADOPT</u> the recommendations set forth in the Magistrate Judge's Report and Recommendation. Final judgment shall be entered in favor of Defendant and against Plaintiff.

IT IS SO ORDERED.

Date: _____3/31/2022_____   _____*Sarah Evans Barker*_____
                                                           SARAH EVANS BARKER, JUDGE
                                                           United States District Court
                                                           Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email